## Case No. 7,716.

### The KENTUCKY.

[4 Blatchf. 325:[1] 1 West. Law Month. 425; 41 Hunt, Mer. Mag. 75.]

Circuit Court, N. D. New York. May 26, 1859.

COLLISION—BETWEEN STEAMER AND SAILING VESSEL—RIGHT OF WAY.

Where a steamer and a sailing vessel, before a collision between them, were approaching each other on opposite courses. on a clear starlight night, and the lights of each approaching vessel were seen by the hands on the other several miles from the place of collision, and were plainly in sight, and observed by them from the time they were first seen until the collision happened: *Held*, that it was the duty of the sailing vessel to keep her course, and that of the steamer to adopt the proper measures to avoid her.

[See Baker v. The City of New York, Case No. 765.]

[Appeal from the district court of the United States for the Northern district· of New York.]

This was a libel in rem, filed in the district court, by the owner of the schooner Cataract, against the propeller Kentucky, to recover damages for a collision which occurred on Lake Erie. The district court held the Kentucky to be in fault, ·and decreed against her for $19,427.75. [Case unreported.] The claimants appealed to this court.

NELSON, Circuit Justice. The collision in this case took place some twenty miles above Long· Point, and several miles from the Canada shore, on the evening of the 19th of May, 1857. It was a clear starlight night, and. the lights of each approaching vessel were seen by the hands on the other, several miles from the place of the collision, and were plainly in sight and observed by them from the time they were first seen until the misfortune happened. The wind was about an eight-knot breeze, and northerly, the schooner going up the lake with her starboard tacks on board, and the propeller coming down in a direction to enter the Welland Canal. It is agreed that, when the lights were first discovered, the vessels were approaching each other nearly dead ahead, the hands on the schooner claiming that the propeller was rather to their starboard. The difference in this respect is, however, of no importance, as, under the state of facts not seriously in controversy upon the evidence, it was the duty of the schooner to keep her course, and that of the propeller to adopt the proper measures to avoid her. This is the settled rule of navigation, which both vessels were bound to observe, and the omission to observe it on the part of the propeller led to the collision; for the proof is clear that the schooner kept her course from the time she first discovered the propeller, several miles distant, until the vessels came together. It is unimportant to institute an inquiry into the particular ground

of fault on the part of the propeller, which doubtless led to the collision, as the rule of navigation just stated fixes the responsibility, under the circumstances of the case, irrespective of any such inquiry. The schooner kept her course, and, besides this, I do not see that she could have done anything more than was done on her part to prevent the misfortune. The rule I have stated has been so frequently announced and enforced, both in the supreme court of the United States and in this court, that I shall not stop to refer to the authorities. If any rule can be settled by authority, the one in question has been.

Some objections are taken by the counsel for the claimants to the damages awarded to the libellant. I have looked into them, but do not see that they are well founded. I think the court below right in the views taken of the case, and shall affirm the decree.

